WENTWORTH, Judge.
The Florida Windstorm Underwriting Association seeks review of a Department of Insurance order determining that a designated area in Brevard County is eligible for windstorm insurance through the Underwriting Association in accordance with section 627.351(2), Florida Statutes. We find that no error has been shown as to this determination and we therefore affirm the order appealed.
A public hearing was held as to whether an area of the coastal barrier islands of Brevard County between Sebastian Inlet and Port Canaveral is eligible for windstorm insurance pursuant to section 627.-351(2), Florida Statutes. The area encompasses several municipalities, unincorporated parts of Brevard County, and a portion of Patrick Air Force Base. Numerous witnesses appeared and both property owners and insurance agents testified that windstorm policies are being cancelled in the area and that they are generally unable to obtain such coverage. Representatives from lending institutions also testified and indicated that mortgages on properties in the area are in default due to the lack of *1040 windstorm insurance. Various witnesses testified that the difficulty in obtaining windstorm insurance has depressed property values in the area, hindered the sale of properties, and generally impaired economic growth. Evidence was also presented as to the existence of other statutory requirements for eligibility under section 627.-351(2). A recommended order was entered finding that the statutory criteria had been met, and the Department of Insurance then entered a final order granting the application and declaring the area eligible for windstorm coverage under section 627.-351(2).
The Florida Windstorm Underwriting Association contends that the application should not have been granted because all of the statutory criteria were not shown to exist in each and every political jurisdiction within the designated area. We find that section 627.351(2) does not embody such a requirement, but rather mandates a consideration of the area as a whole. Similarly, Patrick Air Force Base, which appellant contends should be excluded from the application, is subsumed within the greater area and need not be separately considered under the statute. Sufficient evidence was presented to permit a conclusion that, even though some political subdivisions may not meet all of the necessary conditions, the statutory criteria are prevalent throughout the designated area.
The Underwriting Association also contends that the unavailability of windstorm insurance in the area has not been sufficiently established under section 627.-351(2)(c) because there was testimony at the hearing that certain properties had recently been insured for windstorm damage. However, the evidence suggests that these isolated instances of coverage are the result of special arrangements made for individual properties. The restricted availability of such coverage, which cannot be otherwise obtained except through extraordinary measures or for special clients, does not negate the general unavailability of windstorm insurance. Section 627.851(2)(b) requires the provision of such coverage in designated areas for applicants “who in good faith are entitled to, but are unable to procure, such coverage through ordinary means....”
We affirm the order appealed.
SMITH, C.J., and JOANOS, J., concur.